IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| EDWARD BENTON GLASS | § | |
| VS. | § | CIVIL ACTION NO. 2:23cv119 |
| UPSHUR COUNTY MEDICAL, ET AL. | § | |

<u>REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Edward Glass, an inmate currently confined at the Upshur County Jail, proceeding pro se and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report concerns Plaintiff's motion for default judgment, (Dkt. #15). For reasons explained below, the motion should be denied.

**I. Plaintiff's Motion**

Plaintiff seeks default judgment against Defendants, claiming they were served on April 1, 2023, but "more than 20 days have elapsed since the Defendants herein were served with a copy of summons and plaintiff's complaint excluding date thereof," (Dkt. #15, pg. 1). He further states that Defendants have failed to answer or otherwise defend.

**II. Legal Standards**

A default judgment may be entered only where there has been effective service of process. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933. 937 (5th Cir. 1999). It is well-settled that absent proper service, a district court lacks personal jurisdiction over the defendants and a default judgment would be both void and improper. *See Walters v. Dixon Correctional Inst.*, 188

F. App'x 232, 233 (5th Cir. 2006) (unpublished); *Thompson v. Johnson*, 348 F. App'x 919, 923 (5th Cir. 2009) (per curiam) (explaining that "until [a defendant] is properly served," the plaintiff "cannot obtain a default judgment.") (internal citations omitted).

Default judgments are drastic remedies, not favored by the Federal Rules and resorted to only in extreme situations. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. *Id*. Because it is preferential to determine an action on the merits, the court resolves any doubt as to whether default should be entered in favor of hearing the case on the merits. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

**III. Discussion and Analysis**

Plaintiff's motion should be denied. The summons were executed on May 22, 2023, (Dkt. ##17, 18), and Defendants filed a timely answer on June 16, 2023, (Dkt. #19). Defendants subsequently filed a motion for summary judgment, (Dkt. #24), which remains pending at this time. Plaintiff's motion is without merit. Defendants filed a timely answer and have responded to Plaintiff's case as ordered by the Court. Defendants are not in default.

RECOMMENDATION

Accordingly, it is recommended that Plaintiff Glass's motion for default judgment, (Dkt. #15), be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy

shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 8th day of November, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE